## LEHN & FINK *v.* UNITED STATES (No. 1093).[1]

SIRUP OF RHAMNUS, ETC.

The goods in controversy are not natural drugs such as those that are enumerated in paragraph 20, tariff act of 1909, but are medicines artificially produced and ready for use. They are medicinal preparations within the intention of paragraph 65 of that act and are dutiable thereunder.

### United States Court of Customs Appeals, May 26, 1913.

APPEAL from Board of United States General Appraisers, G. A. 7421 (T. D. 33118).

[Affirmed.]

*Walden & Webster* for appellants.

*William L. Wemple*, Assistant Attorney General (*Leland N. Wood*, assistant attorney, on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

SMITH, Judge, delivered the opinion of the court:

Sirup of rhamnus, extract of gentian, and extract of taraxacum, imported at the port of New York, were classified by the collector of customs as medicinal preparations and assessed for duty at 25 per cent ad valorem under that part of paragraph 65 of the tariff act of 1909 which reads as follows:

65. * * * All other medicinal preparations not specially provided for in this section, twenty-five per centum ad valorem: * * *.

The classification and assessment of duty by the collector were protested on several grounds, but on the hearing before the board the importers pinned their faith to the claim that the goods imported were natural uncompounded drugs, dutiable at one-fourth of 1 cent per pound in addition to 10 per cent ad valorem under the provisions of paragraph 20, which reads as follows:

20. Drugs, such as barks, beans, berries, balsams, buds, bulbs, bulbous roots, excrescences, fruits, flowers, dried fibers, dried insects, grains, gums and gum resin, herbs, leaves, lichens, mosses, nuts, nutgalls, roots, stems, spices, vegetables, seeds (aromatic, not garden seeds), seeds of morbid growth, weeds, and woods used expressly for dyeing or tanning; any of the foregoing which are natural and uncompounded drugs and not edible, and not specially provided for in this section, but which are advanced in value or condition by any process or treatment whatever beyond that essential to the proper packing of the drugs and the prevention of decay or deterioration pending manufacture, one-fourth of one cent per pound, and in addition thereto ten per centum ad valorem: *Provided*, That no article containing alcohol, or in the preparation of which alcohol is used, shall be classified for duty under this paragraph.

---

[1] Reported in T. D. 33522 (24 Treas. Dec., 978).

The Board of General Appraisers overruled the protest and the importers appealed.

It appears from the record that the sirup of rhamnus is produced by expressing the fresh, ripe berries of the plant commonly known as buckthorn and mixing with the juice thus produced a certain percentage of sugar. The extract of gentian, as appears from the testimony of one of the witnesses, is a dry powder, made "by extracting the gentian root with water and evaporating the solution to dryness and powdering it." The description of the process of manufacture is not very elaborate, but we think it goes far enough to justify the assumption that by boiling or soaking gentian root its desirable medicinal principles are withdrawn or extracted in solution from the root and then secured as a solid by evaporating the water in which they were dissolved. The extract of taraxacum is a dry powder obtained by evaporating the juices expressed from the fresh roots of the plant commonly called dandelion. No alcohol is used in the preparation of the sirup or extracts, and it is undisputed that all three products when prepared as indicated and in the form imported are prescribed by physicians and are ready for administration to patients as medicines. The importer argues that the goods are *natural* uncompounded drugs advanced in value, and that therefore they are dutiable at one-fourth of 1 cent per pound and 10 per cent ad valorem, as prescribed by paragraph 20.

The trouble with this contention, as we see it, is that the premise laid is not justified by the facts of the case or the wording of the statute. In our opinion, paragraph 20 is limited by its terms to such natural uncompounded drugs as inedible barks, beans, berries, roots, and so forth, and does not extend to infusions, decoctions, or extracts made from such substances. In the process of manufacture the physical properties and distinguishing characteristics of the roots and berries from which the infusions, decoctions, and extracts are made were lost so completely that in no sense could the latter be properly called "drugs, such as barks, beans, berries, * * * roots," and so forth. Paragraph 20 does provide for certain enumerated drugs "advanced in value or condition by any process or treatment whatever." Nevertheless the limitation of the paragraph to natural drugs makes it clear, we think, that there was no intention to extend its provisions to drugs artificially produced or to manufactures of such natural drugs. This interpretation makes the paragraph entirely consistent with other related parts of the law and avoids the necessity of considering as surplusage the provision for "extract of nutgalls, aqueous," a product which is specially provided for in paragraph 22 at the same rate of duty as that prescribed for "nutgalls" in paragraph 20.

The goods in controversy are, in our opinion, not natural drugs, such as those enumerated in paragraph 20, but medicines artificially produced and ready for use. They are therefore medicinal preparations within the intention of paragraph 65 and dutiable as assessed.

The decision of the Board of General Appraisers is *affirmed.*